## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

       v.

**LANIER LAW LLC**, a Florida limited  liability
    company, also d/b/a **REDSTONE LAW
    GROUP** and as **LAW OFFICES OF
    MICHAEL W. LANIER**;

**FORTRESS LAW GROUP LLC**, a Florida
    limited liability company;

**SURETY LAW GROUP LLP**, a District of
    Columbia limited liability partnership;

**LIBERTY & TRUST LAW GROUP OF
    FLORIDA LLC**,  a Florida limited
    liability company;

**MICHAEL W. LANIER**, individually and as
    an owner, officer, manager, and/or
    representative of the above-mentioned
    entities;

**FORTRESS LAW GROUP, PC**, a District of
    Columbia corporation

**REDSTONE LAW GROUP, LLC**, a District
    of Columbia limited liability company
    also d/b/a Redstone Law Group, LLP

**ROGELIO ROBLES**, individually and as
    owner, officer, manager, and/or
    representative of Surety Law Group,
    LLP, Fortress Law Group, PC, and
    Redstone Law Group, LLC also known
    as Roger Robles

**EDWARD WILLIAM RENNICK, III**,
    individually and as an owner, officer,
    manager, and/or representative of Surety
    Law Group, LLP, Fortress Law Group,
    PC, and Redstone Law Group, LLC

    Defendants.

Civil Case No. 3:14-CV-786-J-34PDB

## PRELIMINARY INJUNCTION ORDER
## WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

This Cause is before the Court on Plaintiff Federal Trade Commission's Motion for, and

Memorandum in Support of, a Preliminary Injunction Against the Proposed Amended

Defendants (Doc. 82; Motion), filed on October 31, 2014.   On July 8, 2014, the Federal Trade

Commission (FTC) filed a Complaint (Doc. 4; Original Complaint) seeking a permanent

injunction and other equitable relief, pursuant to Section 13(b) of the Federal Trade

Commission Act (FTC Act), 15 U.S.C. § 53(b). The Original Complaint alleged that

Defendants Lanier Law LLC, Fortress Law Group LLC, Surety Law Group LLP, Liberty &

Trust Law Group of Florida LLC, and Michael Lanier violated Section 5(a) of the FTC Act, 15

U.S.C. § 45(a), the Mortgage Assistance Relief Services Rule (MARS Rule), 16 C.F.R. Part

322, recodified as Mortgage Assistance Relief Services (Regulation O), 12 C.F.R. Part 1015

(Regulation O), and the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310, in connection

with the marketing and sale of mortgage assistance relief services.  Simultaneously with the

Original Complaint, the FTC filed Plaintiff Federal Trade Commission's Ex Parte Motion for a

Temporary Restraining Order with Equitable Relief and a Preliminary Injunction and

Memorandum in Support of the Ex Parte Motion (Doc. 6; TRO Motion).  On July 9, 2014, this

Court granted, in part, and denied, in part, the TRO Motion.  See Ex Parte Temporary

Restraining Order with an Asset Freeze and Other Equitable Relief, and Scheduling a

Preliminary Injunction Hearing (Doc. 10; Temporary Restraining Order).  The FTC then moved

to convert the Temporary Restraining Order into a preliminary injunction.  After extensive

briefing and oral argument, the Court entered a Preliminary Injunction Order With Asset Freeze

and Other Equitable Relief (Doc. 59; Preliminary Injunction Order) on August 1, 2014, as to

2

Counts I, III, and VI of the Original Complaint. On December 22, 2014, with leave of Court, the FTC filed Plaintiff Federal Trade Commission's Amended Complaint for Permanent Injunction and Other Equitable Relief (Doc. 91; Amended Complaint) in which the FTC adds as defendants Fortress Law Group, PC, Redstone Law Group, LLC, Rogelio Robles, and Edward William Rennick, III (Defendants).[1] In the instant Motion, the FTC seeks to extend the Court's Preliminary Injunction Order to these newly added defendants.

The FTC has now served the Defendants, and the FTC's Motion is fully briefed. Both sides have had the opportunity to submit evidence to the Court,[2] and the Court held a hearing on February 5, 2015, at which all parties were permitted to present argument. See Minute Entry (Doc. 114). Having reviewed the voluminous documentary evidence, and considered the arguments of counsel, for the reasons stated, in part, on the record at the February 5, 2015 Hearing, and to be supplemented by oral pronouncement at a hearing on February 12, 2015, at 2:00 p.m., the Court will grant the FTC's Motion. Accordingly, it is

### ORDERED:

Plaintiff Federal Trade Commission's Motion for, and Memorandum in Support of, a Preliminary Injunction Against the Proposed Amended Defendants (Doc. 82) is **GRANTED.**

### PROHIBITED REPRESENTATIONS

**I.     IT IS THEREFORE ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether

---

1 For purposes of this Order, and as set forth in the definition section below, the term Defendants refers only to the newly added defendants, Fortress Law Group, PC, Redstone Law Group, LLC, Rogelio Robles, and Edward William Rennick, III. See infra Part XXII. B. As the initial Preliminary Injunction Order governing the Original Defendants remains in place, this Order does not pertain to them.

2 The Court notes that none of the parties requested an evidentiary hearing.

acting directly or indirectly, are hereby restrained and enjoined from falsely representing, or assisting others who are falsely representing, expressly or by implication, the following:

> That any Defendant or any other person typically will obtain mortgage loan modifications for consumers that will make consumers' payments substantially more affordable, or will help consumers avoid foreclosure.

## PROHIBITION AGAINST COLLECTING ADVANCE FEES

**II.    IT IS FURTHER ORDERED THAT** Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any mortgage assistance relief product, are restrained and enjoined from asking for or receiving payment before the consumer has executed a written agreement between the consumer and the creditor, loan holder, or servicer of secured or unsecured debt that incorporates the offer obtained by Defendants on the consumer's behalf unless Defendants comply with 12 C.F.R. § 1015.7. For purposes of this Order, the Court construes § 1015.7 to require the attorney performing services for the consumer to be licensed in the state of the consumer's residence or where the consumer's property is located, and to comply with the rules regarding client trust accounts for the state in which that lawyer is licensed.

## PROHIBITION AGAINST UNLAWFUL TELEMARKETING PRACTICES

**III.    IT IS FURTHER ORDERED THAT** Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether

acting directly or indirectly, in connection with the telemarketing, are restrained and enjoined from engaging in, causing others to engage in, or assisting others engaging in, any of the following practices:

A.    Initiating any Outbound Telephone Call to a person when that person has previously stated that he or she does not wish to receive an Outbound Telephone Call made by or on behalf of Defendants;

B.    Initiating any Outbound Telephone Call to a telephone number within a given area code when the annual fee for access to the telephone numbers within that area code that are on the National Do Not Call Registry has not been paid by or on behalf of Defendants, unless the telephone call is:

1.    A solicitation to induce charitable contributions;

2.    To a business;

3.    To persons who have given the Seller their express agreement, in writing and signed, to receive calls from Defendants; or

4.    To persons who have an Established Business Relationship with Defendants.

## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IV.    IT IS FURTHER ORDERED THAT** Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any mortgage assistance relief product or service, are restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring,

5

or otherwise disposing of or rendering inaccessible, in any manner, directly or indirectly, any documents or records that relate to the business practices of or business or personal finances of any Defendant or a person directly or indirectly under the control of a Defendant.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**V.     IT IS FURTHER ORDERED THAT**, except as required by a law enforcement agency, law, regulation or court order, Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any mortgage assistance relief product or service, are restrained and enjoined from disclosing, using, or benefitting from consumer information, including name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank, or other financial account), of any person which any Defendant obtained prior to entry of this Order.

## ASSET FREEZE

**VI.     IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by service or otherwise, are hereby restrained and enjoined from directly or indirectly:

   A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds,

real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are: (1) owned or controlled, directly or indirectly, by any Defendant(s), in whole or in part, or held, in whole or in part for the benefit of any Defendant(s); (2) in the actual or constructive possession of any Defendant(s); or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant(s), and any assets held by, for, or under the name of any Defendant(s) at any bank, savings and loan institution, or bank of any Defendant(s), or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.      Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant(s), or subject to access by any Defendant(s);

C.      Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendant(s);

D.      Obtaining a personal or other loan;

E.      Incurring liens or encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendant(s); and

F.      Cashing any checks from consumers, clients, or customers of any Defendant(s).

G.      Notwithstanding the foregoing, while this Preliminary Injunction remains in effect, Defendants may request permission from the Monitor to distribute specific identifiable funds necessary to the completion of a client transaction, so

long as the funds have arrived into accounts after the asset freeze was initiated and so long as such transaction is unrelated to any mortgage assistance relief product or service.  No disbursement or distribution of funds shall be made absent written authorization from the Monitor or the Court.

**RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES**

VII.    **IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled, directly or indirectly, by any Defendant(s), or has held, controlled, or maintained any account or asset of, or on behalf of, any Defendant(s), upon service with a copy of this Order, shall:

A.    Hold and retain within its control and prohibit Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, assets, funds, or other property that are owned by, held in the name of, for the benefit of, or otherwise controlled by, directly or indirectly, any Defendant(s), in whole or in part, except as directed by further order of the Court;

B.    Deny the Defendants access to any safe deposit box titled in the name of any Defendant(s), individually or jointly, or subject to access by any Defendant(s), whether directly or indirectly; and

C.    If not previously accomplished, provide counsel for Plaintiff, within three (3) business days after being served with a copy of this Order, a sworn statement setting forth:

8

1.      the identification number of each such account or asset titled (1) in the name, individually or jointly, of any Defendant(s); (2) held on behalf of, or for the benefit of, any Defendant(s); (3) owned or controlled by any Defendant(s); or (4) otherwise subject to access by any Defendant(s), directly or indirectly;

2.      the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served;

3.      the identification of any safe deposit box that is either titled in the name of any Defendant(s), or is otherwise subject to access by any Defendant(s); and

4.      if an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or asset was closed or removed.

D.      If not previously accomplished, provide counsel for Plaintiff, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

## FINANCIAL STATEMENTS AND ACCOUNTING

**VIII. IT IS FURTHER ORDERED** that each Defendant within fourteen (14) days of service of this Order, shall prepare and deliver to counsel for the FTC:

A.     For the Individual Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) on the form of **Attachment A** captioned, "Financial Statement of Individual Defendant" that was attached to the Temporary Restraining Order signed by this Court on July 9, 2014. (Doc. 10).

B.     For the Corporate Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of **Attachment B** captioned, "Financial Statement of Corporate Defendant" that was attached to the Temporary Restraining Order signed by this Court on July 9, 2014. (Doc. 10).

C.     For each Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $1,000 or more since January 1, 2011.  Such statement shall include:  (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts.

10

## REPATRIATION OF FOREIGN ASSETS

**IX.**    **IT IS FURTHER ORDERED** that, within fourteen (14) business days following the service of this Order, each Defendant shall:

A.    Provide counsel for the FTC with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.    Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C.    Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents; and

D.    Provide the FTC access to all records of accounts or assets of the Corporate Defendants and the Individual Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records that was labeled **Attachment C** and attached to the Preliminary Injunction Order signed by this Court on August 1, 2014. (Doc. 59).

## NON-INTERFERENCE WITH REPATRIATION

**X.**    **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether

acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Order, including but not limited to:

A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to this Section of this Order; and

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section IX.

## APPOINTMENT OF MONITOR

**XI.    IT IS FURTHER ORDERED** that James A. Kowalski, Esq. is appointed as Monitor of the Defendants. The Monitor shall be the agent of this Court, and solely the agent of this Court, in acting as Monitor under this Order. The Monitor shall be accountable directly to this Court.

## MONITOR'S DUTIES AND AUTHORITY

**XII.   IT IS FURTHER ORDERED** that the Monitor shall have the following duties and authority:

A.     Monitor the Defendants' compliance with this Order by: (1) identifying and

reviewing the Defendants' marketing materials[3], time sheets, call logs, call detail records, collection records, reports, or other documents that reflect the Defendants' business activities; (2) ensuring the Defendants provided actual notice of this Order, by personal service or otherwise, to their employees, affiliates, or independent contractors, including, but not limited to, telemarketers, sales agents, and any other entities or persons who participate with Defendants, and have taken appropriate steps to ensure their compliance with the conduct prohibitions provided in this Order; and (3) whatever other means the Monitor finds appropriate;

B.   For all future clients of Defendants, identify and review the Defendants' financial records and financial transactions as they relate to the practices charged in the Commission's complaint and ensure that all related documents are preserved;

C.   The Monitor shall have immediate, unfettered access to all information or documents the Monitor deems necessary to carry out the Monitor's duties under this Order, to the same extent as the Defendants themselves are allowed by right, contract, or practice, including, but not limited to:

1 .   Access to all documents pertaining to the Defendants' business activities and finances wherever located and in whomever's custody or control;

2.   Access to all property or premises in possession of, owned by, or under the control of the Defendants, wherever located;

---

[3]   The intent of the Court is that the Monitor review the template for each item of marketing material not review each piece of marketing material that is mailed or otherwise utilized.

3.      The right to interview any current or former employee of the Defendants and other representatives of the Defendants to obtain and copy pertinent information, including, but not limited to, the name, home address, Social Security Number, job description, company history, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or representative;

4.      The Monitor may, at his discretion, seek leave of Court to interview any client of Defendants by providing questions that would be posed to the client by the Defendant with the Monitor monitoring the telephone call either remotely or at the Defendant's location;

5.      The right to copy or image all documents that the Monitor deems necessary to carry out the Monitor's duties under this Order; and

6.      The right to select other employees of Monitor's organization as the Monitor deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.

## REPORTING BY THE MONITOR

**XIII.   IT IS FURTHER ORDERED** that, the Monitor is directed to report to this Court on the Monitor's findings, including, if appropriate:

A.      The Defendants' compliance with this Order;

Specifically, the Monitor shall report on the following:

1.      As to future clients of Defendants,

a.  whether clients have been obtained through any of the practices enjoined by this Order, whether accomplished by a named Defendant

14

or an entity acting in concert with a named Defendant such as the Department of Loss Mitigation and Forensics.

b. whether, in the opinion of the Monitor, violations of Florida Bar Rules or state or federal law have occurred in the solicitation or servicing of the clients;

2. As to current funds in accounts held by or on behalf of the Defendants,

a. Whether fees were appropriately deposited in and withdrawn from client trust accounts or other client accounts;

3. As to future funds in accounts,

a. Whether monthly retainers have been charged to consumers;

b. Whether all fees have been tied to the work performed.

4. During the pendency of the *FTC v. Lanier Law LLC et al* case, Defendants shall make available for review by the Monitor all new client records. These records shall include, but not be limited to, the time sheets for each client. Within seven business days of solicitation, Defendants shall maintain in all new client files a copy of any documents, or an exact duplicate form of the solicitation, used to solicit the new clients.

If the Monitor requests copies be made for him of any client records of any Defendant, that Defendant shall provide such copies; and

B. A description of the Defendants' corporate/limited liability structures, including all associated entities.

## PROVISION OF INFORMATION TO MONITOR

**XIV.   IT IS FURTHER ORDERED** that Defendants shall provide to the Monitor immediately upon request, without need of any subpoena or further order, any records deemed necessary by the Monitor to the performance of the Monitor's duties pursuant to this Order.  If a Defendant believes that any request is not necessary for the Monitor to be able to perform his duties under this Order, then the Defendant may immediately file with the Court a motion for protective order, including in the motion a statement of the basis of why the records sought are not necessary for the Monitor to perform his duties.

## COOPERATION WITH THE MONITOR

**XV.    IT IS FURTHER ORDERED** that Defendants, their representatives, and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Monitor.  This cooperation and assistance shall include, but not be limited to, providing information to the Monitor that the Monitor deems necessary in order to discharge the responsibilities of the Monitor under this Order.  If a Defendant believes that any request is not necessary for the Monitor to be able to perform his duties under this Order, then the Defendant may immediately file with the Court a motion for protective order, including in the motion a statement of the basis of why the cooperation sought is not necessary for the Monitor to perform his duties.

## INTERFERENCE WITH THE MONITOR

**XVI.   IT IS FURTHER ORDERED** that Defendants and their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, except

as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Defendants;

B.    Interfering with the Monitor's efforts to inventory or review the documents subject to the duties of the Monitor;

C.    Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, limited liability company, or corporation, without first providing the Monitor with a written statement disclosing, but only to the extent that such entities provide mortgage assistance relief in any manner whatsoever: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities; and

D.    Refusing to cooperate with the Monitor or the Monitor's duly authorized agents in the exercise of their duties or authority under any order of this Court; and failing to provide any assistance or information requested by the Monitor in connection with the performance of the Monitor's duties under this Order.

## COMPENSATION OF MONITOR

**XVII. IT IS FURTHER ORDERED** that the Monitor is entitled to reasonable compensation for the performance of duties under this Order and for the cost of actual out-of-pocket expenses incurred from the assets of Defendants acquired after the date of this Order.  The Monitor shall

file with the Court and serve on the parties a request for the payment of such reasonable compensation in thirty day intervals. If a dispute regarding the Monitor's compensation arises, the Monitor may file an appropriate motion with the Court.

**IT IS FURTHER ORDERED** that neither the Monitor nor his organization, or any of its employees, shall be liable for any loss or damage caused by the Monitor's performance of the monitoring duties described in this Order or those additional duties as the Court may direct to be performed.

## SERVICE OF THIS ORDER

**XVIII. IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, first class mail, electronic mail, or personally, by agents and employees of the FTC or any state or federal law enforcement agency, or by private process server, on: (1) Defendants; (2) any Financial Institution or Person that holds, controls, or maintains custody of any Documents or Assets of any Defendant; or (3) any other Financial Institution or Person that may be subject to any provision of this Order. Service upon any branch or office of any Financial Institution or entity shall effect service upon the entire Financial Institution or entity.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**XIX.   IT IS FURTHER ORDERED** that within three (3) calendar days after service of this Order, Defendants shall provide a copy of this Order to each of their agents, employees, directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, and all persons in active concert or participation with Defendants. Defendants must provide a copy of this Order, at a minimum, to the Department of Loss Mitigation and Forensics, First United Relief Foundation, Family Financial Group Corporation, Safepoint

18

Financial Relief, Pinnacle Legal Services LLC, AmeriTrust Law Group, LLC, and AmeriFund. Within five (5) calendar days following this Order, Defendants shall provide the FTC with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendants have served with a copy of this Order in compliance with this provision.

### CORRESPONDENCE WITH PLAINTIFF

**XX.    IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiff shall be sent either via electronic transmission or via Federal Express to: Harold E. Kirtz, Federal Trade Commission, 225 Peachtree Street NE, Suite 1500, Atlanta, Georgia, 30303.   Email: hkirtz@ftc.gov; Telephone: (404) 656-1357; Facsimile: (404) 656-1379.

### SERVICE OF PLEADINGS

**XXI.    IT IS FURTHER ORDERED** that copies of this Order may be served by personal or overnight delivery, facsimile, or email, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, on Defendants or any other person or entities that may be subject to any provision of this Order.

### DEFINITIONS

**XXII.**   For purposes of this Order, the Court defines the following terms as set forth below:

A.     "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

B.    "**Defendants**" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

    1.  "**Corporate Defendants**" means Fortress Law Group, PC and Redstone Law Group, LLC.

    2.  "**Individual Defendants**" means Rogelio Robles and Edward William Rennick, III.

C.    "**Document**," "**Electronically Stored Information**," and "**Records**" are synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but are not limited to:

    1.  The original or true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

    2.  Any electronically stored information stored on any computers (including, but not limited to, any server, workstation, or desktop, laptop, notebook or tablet), mobile communications device (including, but not limited to, Blackberrys, i-Phones, and Smart Phones of any type or brand), flash drives, personal digital assistants, or any other electronic storage media, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes; back-up discs and tapes, archive disks and tapes, and other forms of

offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained offside by a third-party; and computers and related offline storage used by Defendants or Defendants' participating associates, which may include people who are not employees of the company or who do not work on company premises.

D.     **"Established Business Relationship"** means a relationship between a Seller and a person based on: (a) the person's purchase, rental, or lease of the Seller's goods or services or a financial transaction between the Seller and person, within the eighteen months immediately preceding the date of the Telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the Seller, within the three months immediately preceding the date of a Telemarketing call.

E.     **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

F.      **"Mortgage assistance relief product or service"** means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

1.  stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale of the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

21

2.  negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

3.  obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

4.  negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling; or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

5.  obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

6.  negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed-in-lieu of foreclosure, (iii) or any other disposition of a dwelling other than a sale to a third party that is not the dwelling loan holder.

G.   **"National Do Not Call Registry"** means the "do-not-call" registry of telephones numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

H.   **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application, offering to provide or providing legal services, or offering to sell a consumer a plan or subscription to a service that provides such assistance.

I.    **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

J.    **"Seller"** means any person who, in connection with a Telemarketing transaction provides, offers to provide, or arranges for others to provide good or services to the customer in exchange for consideration.

K.    **"Telemarketer"** means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

L.    **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

M.    The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

**IT IS SO ORDERED**, this 6th day of February, 2015, at 10:15 a.m.


HON. MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF FLORIDA