United States District Court
Middle District of Florida
Jacksonville Division

FEDERAL TRADE COMMISSION,

    *Plaintiff,*

v.                              No. 3:14-CV-786-J-34PDB

LANIER LAW, LLC, ETC.,

    *Defendants.*

---

## Order Denying Defendants' Motion to Disqualify Plaintiff's Counsel

An overview is in the August 1, 2014, Doc. 59, and May 5, 2015, Doc. 166, orders. Before the Court is a motion by the remaining defendants (Lanier Law LLC, Michael Lanier, Fortress Florida, and Liberty & Trust Law Group) to disqualify the FTC's lead counsel from the start, Harold Kirtz, Esquire, Doc. 213, and the FTC's opposition to the motion, Doc. 215.

A party is presumptively entitled to counsel of his choice. *In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). A party moving for disqualification of counsel therefore must show a "compelling reason" for disqualification. *Id.* Compelling reasons for disqualification are conduct that threatens the orderly administration of justice or a violation of an ethical rule of such nature as to warrant disbarment. *Id.* at 959. Because of a potential for strategic abuse, a disqualification motion is subject to exacting review. *Id.* at 961; *see also Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982) (disqualification "is a harsh sanction, often working substantial hardship on the client" and therefore should "be resorted to sparingly").

Under Local Rule 2.04(d), the professional conduct of lawyers practicing in this Court is subject to the Rules Regulating the Florida Bar. Here, the defendants base their disqualification motion on Rule 4-3.7(a):

> **When Lawyer May Testify**. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
>
> (1)     the testimony relates to an uncontested issue;
>
> (2)     the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3)     the testimony relates to the nature and value of legal services rendered in the case; or
>
> (4)     disqualification of the lawyer would work a substantial hardship on the client.

If another witness is available to testify about the same information, a lawyer is not a "necessary" witness. *Snipes v. Volusia Cnty.*, No. 6:14-cv-413-Orl-28TBS, 2014 WL 2722354, at *3 (M.D. Fla. June 16, 2014) (unpublished) (citing *Steinberg v. Winn-Dixie Stores, Inc.*, 121 So. 3d 622, 624 (Fla. 4th DCA 2013)); *Etkin & Co., Inc. v. SBD LLC*, No. , 2012 WL 5398966 at *3 (S.D. Fla. Nov. 5, 2012) (unpublished) (citing state and federal cases).

The defendants explain Mr. Kirtz—not FTC investigators—spoke to consumers who made declarations to support injunctive relief. Doc. 213 ¶ 2. When the defendants asked the investigators about the investigation, the investigators objected on work-product-protection and attorney-client-privilege grounds but gave "the impression that there is no FTC protocol in place to determine the validity of a consumer complaint, either before or after it goes onto the FTC's Consumer Sentinal

website," Doc. 213 ¶¶ 3, 7. The defendants contend they need to depose Mr. Kirtz to determine what he told or promised the declarants and whether their testimony was truthful or capable of proof. Doc. 213 ¶ 2. The defendants add they need to depose Mr. Kirtz about conflicting accounts of what he had told declarant Kenneth Hankin. Doc. 213 ¶¶ 5, 6. The FTC opposes the motion on several grounds, including that Mr. Kirtz is not a "necessary" witness because the declarants were available to testify about the same information and the defendants cannot depose Mr. Kirtz because discovery ended months ago. Doc. 215 at 4–5, 7–8.

The defendants have shown no compelling reason to disqualify Mr. Kirtz. At a minimum, he is not a "necessary witness," *see* Rule 4-3.7(a) (quoted), because the declarants were available to testify about anything he told or promised them during the investigation or the preparation of their declarations, and he is not the only one who could testify about any FTC protocol suggested by the investigators. Furthermore, to the extent they wish to only depose Mr. Kirtz to discover that information, their time for doing so passed.

The Court **denies** the defendants' disqualification motion, Doc. 213.

**Ordered** in Jacksonville, Florida, on October 30, 2015.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:     Counsel of Record