United States District Court
Middle District of Florida
Jacksonville Division

**FEDERAL TRADE COMMISSION,**

 *Plaintiff,*

v.                No. 3:14-cv-786-J-34PDB

**LANIER LAW, LLC, ETC.,**

 *Defendants.*

---

## Report & Recommendation

Before the Court is the remaining defendants' motion for clarification of the "non-jury" designation in the scheduling order, Doc. 223, the Federal Trade Commission's ("FTC's") response in opposition to a "jury" or "advisory jury" designation, Doc. 225, and Michael Lanier's motion for leave to reply to attach documents to prove acquisition dates of some frozen assets, Doc. 227. I recommend (1) granting the motion for clarification to the extent the remaining defendants seek a finding on whether there is a jury right, (2) granting the motion for leave to reply to the extent Lanier seeks the Court's consideration of substantive argument in the motion, (3) finding there is no jury right, (4) finding empanelment of an advisory jury is unwarranted, and (5) otherwise denying the motions.

### Overview

In the amended complaint, the FTC claims the defendants, through their mortgage assistance relief services, engaged in unfair or deceptive telemarketing acts

or practices, in violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101–08, and related regulations, 16 C.F.R. Part 310, and unfair or deceptive acts or practices in or affecting commerce, in violation of § 5(a) the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), including by failing to make disclosures, making misrepresentations, and collecting advance fees, in violation of the "MARS Rule" and "Regulation O," 12 U.S.C. § 5538; 12 C.F.R. Part 1015. Doc. 91.

    The FTC prays for (1) a preliminary injunction and "ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action, and to preserve the possibility of effective final relief"; (2) a permanent injunction to prevent future violations; (3) "such relief as the Court finds necessary to redress injury to consumers resulting from [the alleged violations], including but not limited to rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies"; and (4) "costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper." Doc. 91 at 21–22. The FTC asserts §§ 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and 12 U.S.C. § 5538, which incorporates the FTC Act, empower the Court to grant the requested relief. Doc. 91 at 21.

    The Court previously entered a "preliminary injunction order with asset freeze and other equitable relief." Doc. 59. Through the order, the Court froze certain assets, including all real property directly or indirectly owned by any defendant. Doc. 59.

In the remaining defendants' answer, they deny many allegations, raise affirmative defenses, assert counterclaims, and "demand trial by jury as to all issues so triable." Doc. 199 at 14. (The Court later dismissed the counterclaims. Doc. 219.)

The scheduling order designates the trial as "non-jury." Doc. 221. The remaining defendants seek clarification about that designation, observing the Court has made no finding there is no jury right despite their jury demand. Doc. 223 at 1. They explain if the Court makes that finding, they "might rightfully move … to try some or all of the issues with an advisory jury." Doc. 223 at 1–2. They contend the FTC "seeks broad relief, both equitable and legal." Doc. 223 at 2. They observe the court in *FTC v. Dish Network*, No. 12-3221 (C.D. Ill. 2013), empaneled a jury and the court in *FTC v. E.M.A. Nationwide*, No. 1:12-CV-2394 (N.D. Ohio 2013), empaneled an advisory jury and argue without analysis that the former case is factually analogous to this case. Doc. 223 at 2. They ask the Court to "grant their Motion and clarify its designation of this case as non-jury." Doc. 223 at 2.

The FTC responds there is no statutory or constitutional jury right, arguing the case "is wholly equitable in nature" because the FTC demands only traditional equitable remedies designed merely to restore status quo. Doc. 225 at 2–4. It cites several cases in which courts have rejected jury demands in similar FTC cases. Doc. 225 at 4. It adds an advisory jury is unwarranted because there is no overlapping jury issue or any other special circumstance that would justify the time and expense one would cost. Doc. 225 at 5–6.

In Lanier's motion for leave to reply, he contends he acquired some of the frozen assets before he had become a lawyer and after he had ceased all mortgage work. Doc. 227 at 2. Citing *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002) (restitution may be equitable if the defendant holds particular funds that in good conscience belong to the plaintiff or legal if the plaintiff is contractually entitled to funds for a benefit he had conferred), he argues the FTC's restitution claim is thus not an equitable claim seeking recovery of a particular fund but a legal claim seeking to impose personal liability against him. Doc. 227 at 3–4. He seeks leave to reply to attach deeds and other documents to prove dates of frozen asset acquisitions. Doc. 227 at 4–5.

**Analysis**

The FTC is an independent federal agency charged with enforcing various laws, including § 5(a) of the FTC Act, which prohibits unfair or deceptive acts or practices in or affecting commerce, 15 U.S.C. § 45(a), and the Telemarketing Act, which prohibits deceptive or abusive telemarketing acts or practices, 15 U.S.C. §§ 6101–08. Under § 13(b) of the FTC Act, the FTC may bring a case in federal district court to enjoin any practice that violates any law it enforces. 15 U.S.C. § 53(b). The Eleventh Circuit has made clear the injunctive remedies under § 13(b) are equitable in nature and extensive in scope, allowing the "full range" of equitable remedies ancillary to a court's injunctive powers. *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468 (11th Cir. 1996). Under § 19 of the FTC Act, a federal district court has jurisdiction to "grant such relief as the court finds necessary to redress injury to consumers or

4

other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice." 15 U.S.C. § 57b. "[R]elief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be; except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages." *Id.*

"The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). Under Federal Rule of Civil Procedure 38(b), a party may demand a jury in its pleading on any issue for which there is a jury right. Under Federal Rule of Civil Procedure 39(a), if there is a jury demand, "the action must be designated on the docket as a jury action" and the "trial on all issues so demanded must be by jury" unless the parties stipulate on the record otherwise or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." In making the finding, a court must first decide if there is a statutory jury right and only if not if there is a constitutional one. *Tull v. United States*, 481 U.S. 412, 418 n.3 (1987).

The laws under which the FTC brings this case and their corresponding regulations do not provide a jury right. *See generally* 12 U.S.C. § 5538; 15 U.S.C. §§ 45(a), 6101–08; 12 C.F.R. Part 1015; 16 C.F.R. Part 310. The defendants do not

5

contend otherwise. *See generally* Doc. 223; Doc. 227. Accordingly, to decide if there is a jury right, the Court must address whether there is a constitutional jury right.

The Seventh Amendment provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved." U.S. Const. amend. VII. "Suits at common law" refers to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (internal citation and emphasis omitted). To decide if there is a constitutional jury right, courts "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity" and, more importantly, "examine the remedy sought and determine whether it is legal or equitable in nature." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

On the first consideration, an action is analogous to one that would have been brought in a court of equity if by a government agency in the public interest rather than by a private party for damages and if seeking discretionary rather than mandatory relief. *SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95 (2d Cir. 1978); *FTC v. Kitco of Nev., Inc.*, 612 F. Supp. 1280, 1281 n.1 (D. Minn. 1985).

On the second consideration, the relief the FTC seeks is equitable in nature. Injunctive relief is equitable. *FTC v. Leshin*, 719 F.3d 1227, 1232 (11th Cir. 2013). Disgorgement, which addresses a defendant's unjust gain and ignores a consumer's

loss, is equitable. *FTC v. Wash. Data Res., Inc.*, 704 F.3d 1323, 1326 (11th Cir. 2013). Rescission or reformation of contracts, which seeks to restore parties to a transaction to their status quo, is equitable. *Ross v. Bank South, N.A.*, 885 F.2d 723, 742 (11th Cir. 1989). A refund order is equitable. *Ecee, Inc. v. FERC*, 645 F.2d 339, 353 (5th Cir. May 20, 1981). And although restitution may be legal or equitable, *Great-West*, 534 U.S. at 214, in an FTC action, it "is an equitable remedy designed to cure unjust enrichment of the defendant. Specifically, restitution and disgorgement deprive the defendant of his ill-gotten gains; these equitable remedies do not take into consideration the plaintiff's losses." *FTC v. Bishop*, 425 F. App'x 796, 797−98 (11th Cir. 2011) (internal citation omitted). Because those remedies are based on a statutory violation, the FTC does not have to rely on common law theories of unjust enrichment requiring proof the defendant holds property traceable to the proceeds of his wrongdoing. *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 371−72 (2d Cir. 2011).

Under those principles, there is no constitutional jury right in this case. The case is brought by a government agency in the public interest rather than by a private party for damages, Doc. 91, and the relief is discretionary rather than mandatory, 15 U.S.C. §§ 53(b) & 57b, making this case analogous to one that would have been brought in a court of equity. See *Commonwealth*, 574 F.2d at 95; *Kitco*, 612 F. Supp. at 1281 n.1. More importantly, the FTC is not seeking monetary damages or penalties; rather it seeks only equitable relief, Doc. 91 at 21−22. See *Leshin*, 719 F.3d at 1232 (injunctive relief); *Washington*, 704 F.3d at 1326 (disgorgement); *Ross*, 885

F.2d at 742 (rescission or reformation of contracts); *Ecee*, 645 F.2d at 353 (refund order); *Bishop*, 425 F. App'x at 797−98 (restitution in FTC action).

The conclusion there is no constitutional jury right accords with the conclusion of many other courts that there is no constitutional jury right in an FTC action seeking relief under § 13(b) given that it authorizes only equitable relief. *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006); *FTC v. Think All Publ'g, LLC*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008); *FTC v. Seismic Entm't Prods., Inc.*, 441 F. Supp. 2d 349, 353 (D.N.H. 2006); *Kitco*, 612 F. Supp. at 1281; *FTC v. ELH Consulting, LLC*, No. CV 12-02246-PHX-FJM, 2013 WL 593885, at *1 (D. Ariz. Feb. 7, 2013) (unpublished); *FTC v. First Univ. Lending*, No. 09-82322-CIV, 2011 WL 688744, at *3 (S.D. Fla. Feb. 18, 2011) (unpublished). It also accords with the conclusion of many other courts that there is no constitutional jury right in an FTC action seeking relief under § 19 if the FTC is not seeking monetary damages or penalties. *FTC v. Commonwealth Mktg. Grp., Inc.*, 72 F. Supp. 2d 530, 543–45 (W.D. Penn. 1999); *FTC v. AMREP Corp.*, 705 F. Supp. 119, 126 (S.D.N.Y. 1988); *ELH Consulting*, 2013 WL 593885, at *1; *First Univ. Lending*, 2011 WL 688744 at *3.

The assertedly analogous case the defendants cite does not help them. In *Dish Network*, the court denied the defendant's motion to strike the plaintiff's demand for a jury trial on the issue of liability because it was an action for monetary penalties.

*United States v. Dish Network, LLC*, 754 F. Supp. 2d 1002, 1003 (C.D. Ill. 2010).[1] Here, the FTC is not seeking monetary penalties. *See generally* Doc. 91 at 21–22.

Lanier's contention the FTC's restitution claim is necessarily legal because some frozen assets cannot be connected to the alleged wrongdoing disregards the nature of restitution in an FTC action. The court in *ELH Consulting* applied persuasive reasoning to reject a similar argument. 2013 WL 593885, at *1. There, the FTC sought injunctive relief, contract rescission, restitution, and disgorgement under §§ 13(b) and 19. *Id.* Citing *Great-West*, the defendants argued the FTC sought legal restitution because it sought "funds … comingled with the defendants' general assets." *Id.* In rejecting that argument, the court explained, "the FTC does not seek to impose personal liability for a contractual obligation. Instead, the FTC seeks relief based on the court's equitable powers to redress injury to consumers resulting from Defendants' violations. … Therefore, the FTC's claims lie in equitable, not legal, restitution." *Id.* (internal quotation marks omitted). Lanier's argument fails for the same reason.

With no statutory or constitutional jury right and no need to determine when Lanier acquired some frozen assets to decide the motion for clarification, but to

---

[1] The specific case cited by the defendants is *Dish Network*, No. 12-3221 (C.D. Ill. 2013). There, the court dismissed the plaintiff's claim without prejudice to refiling an amended complaint including that claim in a related case. *FTC v. Dish Network, LLC*, Nos. 12-3221, 09-3073, 2013 WL 958296, at *1, 8–9 (C.D. Ill. Mar. 12, 2013) (unpublished). The court denied the motion to strike in the related case. *United States v. Dish Network, LLC*, 754 F. Supp. 2d 1002, 1003 (C.D. Ill. 2010). The defendants presumably meant to cite the related case.

9

specifically address the jury demand, I recommend granting the remaining defendant's motion for clarification to the extent they seek a specific finding on whether there is a jury right, granting the motion for leave to reply to the extent Lanier seeks the Court's consideration of substantive argument in the motion, finding there is no jury right, and otherwise denying the motions.[2]

Under Federal Rule of Civil Procedure 39(c), if there is no jury right, a court may on motion or its own try any issue with an advisory jury. The Court's decision is discretionary. *United States v. Ellis Research Labs., Inc.*, 300 F.2d 550, 554 (7th Cir. 1962); *Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009). Considerations include whether (1) extraordinary or unique circumstances justify one; (2) the jury right was questionable; (3) the party seeking one waived a jury right; (4) judicial resources would be saved; (5) the issues or claims are particularly appropriate for jury resolution; and (6) the case involves both jury and nonjury claims or issues. 8 *Moore's Federal Practice*, § 39.41 (3d ed. 2004). If the Court uses one, it "may submit to the advisory jury such issues of fact as it sees fit and may adopt the findings, or disregard its findings, all in the discretion of the court." *Aetna Ins. Co. v. Paddock*, 301 F.2d 807, 810–11 (5th Cir. 1962) (internal citations omitted).

---

[2]By providing substantive argument in the motion for leave to reply, Lanier violates Local Rule 3.01(c), which provides, "No party shall file any reply or further memorandum directed to the motion or response … unless the Court grants leave." Nevertheless, I recommend granting the motion for leave to reply to the extent he seeks the Court's consideration of the substantive argument because the motion for clarification provides little substantive argument to aid the Court, and deeming the motion for leave to reply the reply itself will foster efficiency here.

In the case the defendants cite, *FTC v. E.M.A. Nationwide*, Case No. 1:12-CV-2394, 2013 WL 3153771 (N.D. Ohio June 19, 2013) (unpublished), Doc. 223 at 2, after finding no jury right because the FTC sought only a permanent injunction, rescission or reformation of contracts, restitution, refund of monies paid, and disgorgement, the court stated an advisory jury would assist with credibility determinations and other fact issues. *E.M.A. Nationwide*, 2013 WL 3153771, at *2–3. The court later granted summary judgment. Doc. 225 at 6 (citing *FTC v. E.M.A. Nationwide, Inc.*, No. 1:12-CV-2394, 2013 WL 4545143 (N.D. Ohio Aug. 27, 2013)).

There is no motion for an advisory jury before the Court, but this report and recommendation addresses whether one is warranted because the defendants state they might so move if the Court finds no jury right, Doc. 223 at 1–2, they have briefed the issue at least to the same extent they briefed whether there is a jury right, *see generally* Doc. 223, Doc. 227, the FTC has briefed the issue, Doc. 225 at 5–6, and the Court may on its own consider empaneling one, *see* Fed. R. Civ. P. 39(c).

There is no stated or apparent extraordinary or unique circumstances justifying empanelment of an advisory jury. The jury right is not questionable. Substantial judicial resources would not be saved considering the time and expense involved in selecting an advisory jury, listening to opening statements and closing arguments, drafting jury instructions, and instructing the advisory jury. Although there may be some credibility determinations, they do not predominate. And the case does not involve both jury and nonjury claims or issues. In view of those considerations, empanelment of an advisory jury is unwarranted.

## Conclusion

I recommend the Court:

1. **grant** Lanier's motion for leave to reply, Doc. 227, to the extent the Court should consider the substantive arguments made in it but deny it to the extent he seeks leave to file documents or any other relief;

2. **grant** the motion for clarification, Doc. 223, to the extent the remaining defendants request a finding as to whether there is a jury right in this case and find there is no jury right but **deny** it to the extent they seek any other relief; and

3. on the Court's own consideration, find empanelment of an advisory jury is unwarranted.

**Done** in Jacksonville, Florida, on December 8, 2015.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record