UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FEDERAL TRADE COMMISSION
   Plaintiff,

       v.

LANIER LAW LLC, a Florida limited  liability
     company, also d/b/a REDSTONE LAW
     GROUP and as LAW OFFICES OF
     MICHAEL W. LANIER;

FORTRESS LAW GROUP LLC,
a Florida limited liability company;

SURETY LAW GROUP LLP,
a District of Columbia limited liability partnership;

LIBERTY & TRUST LAW GROUP OF
     FLORIDA LLC,  a Florida limited liability
     company;

FORTRESS LAW GROUP, PC, a District of
     Columbia corporation;

REDSTONE LAW GROUP, LLC, a District of
     Columbia limited liability company, also
     d/b/a REDSTONE LAW GROUP, LLP;

MICHAEL W. LANIER, individually and as an
     owner, officer, manager, and/or
     representative of the above-mentioned
     entities;

Case No. 3:14-CV-786-J-34PDB

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS SURETY LAW GROUP LLP, REDSTONE LAW GROUP, LLC, AND EDWARD WILLIAM RENNICK III**

ROGELIO ROBLES, aka Roger Robles,
       individually and as an owner, officer,
       manager, and/or representative of Surety
       Law Group, LLP, Fortress Law Group, PC,
       and Redstone Law Group, LLC ;

and

EDWARD WILLIAM RENNICK III, individually
       and as an owner, officer, manager, and/or
       representative of Surety Law Group, LLP,
       Fortress Law Group, PC, and Redstone Law
       Group, LLC,

   Defendants.

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its

Complaint for Permanent Injunction and Other Equitable Relief, subsequently amended as

Amended Complaint for Permanent Injunction and Other Equitable Relief ( "Complaint"),

pursuant to Sections 13(b), and 19, of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. §§ 53(b), and 57b.  The Commission and Defendants Surety Law Group LLP,

Redstone Law Group, LLC, and Edward William Rennick III ("Settling Defendants")

stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary

Judgment ("Order") to resolve all matters in dispute in this action between them.[1]

---

[1] On November 10, 2015, the Commission and the Settling Defendants filed a motion announcing that
they had reached a settlement and requesting the entry of a stipulated order.  See Joint Motion of Plaintiff and
Defendants Edward Rennick III, Surety Law Group LLP, and Redstone Law Group LLC to Approve and File
the Stipulated Order for Permanent Injunction and Monetary Judgment (Doc. 230; Joint Motion).  The
Commission and the Settling Defendants simultaneously filed a signed copy of their proposed Stipulated Order
for Permanent Injunction and Monetary Judgment as to Defendants Surety Law Group LLP, Redstone Law
Group, LLC, and Edward William Rennick III (Doc. 232; Proposed Order) for the Court's review.  Upon
review of the Proposed Order, the Court found it necessary to make certain changes and conducted a hearing

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. Part 322, recodified as Mortgage Assistance Relief Services ("Regulation O"), 12 C.F.R. Part 1015, in connection with the marketing and sale of mortgage assistance relief services.

3.      Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.      Settling Defendants waive and release any claims that they may have against the Commission and its agents that relate to this action, including but not limited to, any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

---

with the parties on July 29, 2016, to discuss the matter.  See Minute Entry (Doc. 288).  At the hearing, the Court granted, in part, and denied, in part, the Joint Motion to the extent that the Court indicated it would enter a revised version of the parties' Proposed Order.  As such, in accordance with the Court's discussions with counsel at the hearing, the Court has made revisions to the Proposed Stipulated Order and therefore enters this separate Stipulated Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    "**Assisting Others**" includes:

    1.    performing customer service functions, including receiving or responding to consumer complaints;

    2.    formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

    3.    formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    4.    providing names of, or assisting in the generation of, potential customers;

    5.    performing marketing, billing, or payment services of any kind; or

    6.    acting or serving as an owner, officer, director, manager, or principal of any entity.

B.    "**Defendants**" means Lanier Law, LLC, d/b/a Redstone Law Group, The Law Offices of Michael W. Lanier, also d/b/a Vanguard Law Group; Fortress Law Group LLC; Liberty & Trust Law Group of Florida, LLC; Surety Law Group LLP; Fortress Law Group, PC; Redstone Law Group, LLC; Michael W. Lanier; Edward William

Rennick III; and Rogelio Robles, aka Roger Robles, individually, collectively, or in any combination.

C.   "**Established Business Relationship**" means a relationship between a Seller and a Person based on: (a) the Person's purchase, rental, or lease of the Seller's goods or services or a financial transaction between the Seller and Person, within eighteen months immediately preceding the date of the Telemarketing call; or (b) the Person's inquiry or application regarding a product or service offered by the Seller, within three months immediately preceding the date of a Telemarketing call.

D.   "**Financial Product or Service**" means any product, service, plan, or program represented, expressly or by implication, to:

1.   provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

2.   provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

3.   improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

4.   provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

E.   "**National Do Not Call Registry**" means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. §310.4(b)(1)(iii)(B).

F.   "**Outbound Telephone Call**" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

G.     "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

H.     "**Secured or Unsecured Debt Relief Product or Service**" means:

1.     With respect to any mortgage, loan, debt, or obligation between a Person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.     stop, prevent, or postpone any mortgage or deed of trust foreclosure sale for a Person's dwelling, any other sale of collateral, any repossession of a Person's dwelling or other collateral, or otherwise save a Person's dwelling or other collateral from foreclosure or repossession;

b.     negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a Person to a secured or unsecured creditor or debt collector;

c.     obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

d.     negotiate, obtain, or arrange any extension of the period of time within which a Person may (i) cure his or her default on the mortgage, loan,

debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e.      obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f.      negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a Person's application for the mortgage, loan, debt, or obligation.

2.      With respect to any loan, debt, or obligation between a Person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.      repay one or more unsecured loans, debts, or obligations; or

b.      combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

I.      **"Seller"** means any Person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the

customer in exchange for consideration, whether or not such Person is under the jurisdiction of the Commission.

J.      "**Settling Defendants**" means Settling Corporate Defendants and Settling Individual Defendant, individually, collectively, or in any combination.

        a.      "**Settling Corporate Defendants**" means Surety Law Group LLP, Redstone Law Group, LLC, and their successors and assigns.

        b.      "**Settling Individual Defendant**" means Edward William Rennick III.

K.      "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

## ORDER

### I.      BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

IT IS ORDERED that Settling Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or Assisting Others in the advertising, marketing, promoting, offering for sale, or selling, of any Secured or Unsecured Debt Relief Product or Service.

### II.     PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting,

offering for sale, or selling of any Financial Product or Service, are permanently restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

A.       the terms or rates that are available for any loan or other extension of credit, including:

1.       closing costs or other fees;

2.       the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

3.       the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4.       the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

5.       the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6.       whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7.       that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.    the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

C.    that a consumer will receive legal representation;

D.    any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

E.    that any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person; government entity; public, non-profit, or other non-commercial program; or any other program;

F.    the nature, expertise, position, or job title of any Person who provides any product, service, plan, or program;

G.    the Person who will provide any product, service, plan, or program to any consumer;

H.    that any Person providing a testimonial has purchased, received, or used the product, service, plan, or program;

I.    that the experience represented in a testimonial of the product, service, plan, or program represents the Person's actual experience resulting from the use of

the product, service, plan, or program under the circumstances depicted in the advertisement; or

J.      any other fact material to consumers concerning any Financial Product or Service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.    PROHIBITION AGAINST ABUSIVE TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that, in connection with Telemarketing, Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from engaging in, causing others to engage in, or Assisting Others engaging in, any of the following practices:

A.      Initiating any Outbound Telephone Call to any Person at a telephone number on the National Do Not Call Registry, unless Settling Defendants prove that:

1.      Settling Defendants have obtained the express agreement, in writing, of such Person to place calls to that Person.  Such written agreement shall clearly evidence such Person's authorization that calls made by or on behalf of Settling Defendants may be placed to that Person, and shall include the telephone number to which the calls may be placed and the signature of that Person; or

2.      Settling Defendants have an Established Business Relationship with

such Person, and that Person has not previously stated that he or she

does not wish to receive Outbound Telephone Calls made by or on

behalf of Settling Defendants;

B.      Initiating any Outbound Telephone Call to a Person when that Person

previously stated that he or she does not wish to receive an Outbound

Telephone Call made by or on behalf of Settling Defendants; or

C.      Initiating any Outbound Telephone Call to a telephone number within a given

area code when the annual fee for access to the telephone numbers within that

area code that are on the National Do Not Call Registry has not been paid by

or on behalf of Settling Defendants, unless the telephone call is:

1.      A solicitation to induce charitable contributions;

2.      To a business;

3.      To Persons who have given the Seller their express agreement, in

writing and signed, to receive call from Settling Defendants; or

4.      To Persons who have an Established Business Relationship with

Settling Defendants.

## IV.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Eight Million Dollars ($8,000,000) is entered in

favor of the Commission against Settling Defendants, jointly and severally, as

equitable monetary relief.  This $8,000,000 Judgment represents a portion of

the $13,586,713 Judgment, entered in the separate Final Order for Permanent

Injunction and Monetary Judgment (Doc. 292), in favor of the Commission and against Lanier Law LLC, Fortress Law Group LLC, Liberty & Trust Law Group of Florida LLC, Fortress Law Group PC, Michael W. Lanier, and Rogelio Robles ("Non-Settling Defendants").  As such, the amount owed on the $8,000,000 Judgment by the Settling Defendants shall be reduced by any amount over and above $5,586,713 actually recovered by the Commission from the Non-Settling Defendants.  Furthermore, the amount owed by the Non-Settling Defendants on the Judgment, as defined in the Final Order, shall be reduced by any amount actually recovered by the Commission from the Settling Defendants.

B.   In partial satisfaction of the monetary judgment, the following frozen assets held by third parties in the name of, or for the benefit of, Settling Defendants shall be transferred to the Commission as follows:

1.   Within fifteen (15) days of receiving notice of this Order, Wells Fargo Bank, its parent corporation, subsidiaries, principals, and agents shall transfer to the Commission by wire transfer, in accordance with instructions to be provided by the Commission, all funds in the name of, or for the benefit of, Settling Defendants, including but not limited to:

a.   Account No. xxxxx8229, held in the name of Surety Law Group, LLP;

b.      Account No. xxxxx8211, held in the name of Surety Law Group, LLP.

2.      Within fifteen (15) days of receiving notice of this Order, BBVA Compass Bank, its parent corporation, subsidiaries, principals, and agents shall transfer to the Commission by wire transfer, in accordance with instructions to be provided by the Commission, all funds in the name of, or for the benefit of, Settling Defendants, including but not limited to:

a.      Account No. xxxxx6278, held in the name of Edward Rennick;

b.      50% of Account No. xxxxx9536, held in the name of Ameritrust Law Group;

c.      50% of Account No. xxxxx5337, held in the name of Ameritrust Law Group;

d.      50% of Account No. xxxxx941, held in the name of Ameritrust Law Group;

e.      After the transfers from Account Nos. xxxxx9536, xxxxx5337, and xxxxx941 to the Federal Trade Commission have been completed, the remaining funds in these accounts shall be unfrozen.

C.      In partial satisfaction of the monetary judgment, within fifteen (15) days of entry of this Order, Defendant Edward William Rennick III shall deliver to the

Liquidating Agent appointed pursuant to the Final Order for Permanent Injunction and Monetary Damages (Doc. 292) possession of the following:

1.      Jet ski 2000, identified in Defendant Edward William Rennick III's financial statement dated August 25, 2015; and

2.      Jet ski 2008, identified in Defendant Edward William Rennick III's financial statement dated August 25, 2015.

Upon the Liquidating Agent's request, Defendant Edward William Rennick III shall promptly transfer title to the above-listed assets to the Liquidating Agent.  The Liquidating Agent shall sell these assets and add the proceeds to a frozen account of Settling Defendants.  Any commissions, transfer fees, taxes, or other payments mandated from a transferor by law shall be paid from the proceeds of the sale at the time the jet skis are sold.

D.      Upon completion of all payments and other asset transfers ordered by Paragraphs IV.B. – IV.C., the remainder of the judgment is suspended, subject to the Subsections below.

E.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.      the Financial Statement of Individual Defendant Edward William Rennick III signed on August 25, 2015, including the attachments; and

2.      the Financial Statements of Corporate Defendants Surety Law Group LLP, and Redstone Law Group, LLC, signed by Edward William Rennick III on August 25, 2015, including the attachments;

F.      The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the unjust enrichment alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H.      Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J.       The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K.       Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L.       All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

M.     The asset freeze imposed pursuant to the February 6, 2015 Preliminary

Injunction Order (Doc. 115) is modified to permit the payments and transfers

identified in the Monetary Judgment Section.  Upon completion of those

payments and transfers, the asset freezes is dissolved with respect to the

Settling Defendants.

## V.     CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers,

agents, employees, and attorneys, and all other Persons in active concert or participation with

any of them, who receive actual notice of this Order, whether acting directly or indirectly, are

permanently restrained and enjoined from directly or indirectly:

A.     failing to provide sufficient customer information to enable the Commission

to efficiently administer consumer redress.  Settling Defendants represent that

they have provided this redress information to the Commission.  If a

representative of the Commission requests in writing any information related

to redress, Settling Defendants must provide it, in the form prescribed by the

Commission, within 14 days;

B.     disclosing, using, or benefitting from customer information, including the

name, address, telephone number, email address, social security number, other

identifying information, or any data that enables access to a customer's

account (including a credit card, bank account, or other financial account),

that any Defendant obtained prior to entry of this Order in connection with the

marketing or sale of mortgage loan modification services; and

     C.     failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.    COOPERATION

IT IS FURTHER ORDERED that Surety Law Group LLP, Redstone Law Group, LLC, and Edward William Rennick III must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Such Defendants must provide truthful and complete information, evidence, and testimony.  Edward William Rennick III must appear and Surety Law Group LLP and Redstone Law Group, LLC, must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VII.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A.      Each Settling Defendant, within 7 days of entry of this Order, must submit to

the Commission an acknowledgment of receipt of this Order sworn under

penalty of perjury.

B.      For 5 years after entry of this Order, Settling Individual Defendant for any

business that such Defendant, individually or collectively with any other

Defendants, is the majority owner or controls directly or indirectly, and each

Settling Corporate Defendant, must deliver a copy of this Order to:  (1) all

principals, officers, directors, and LLC managers and members; (2) all

employees, agents, and representatives who participate in conduct related to

the subject matter of this Order; and (3) any business entity resulting from any

change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within 7 days of entry of this Order for current personnel.

For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Settling Defendant delivered a copy

of this Order, that Settling Defendant must obtain, within 30 days, a signed

and dated acknowledgment of receipt of this Order.

## VIII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to

the Commission:

A.      one year after entry of this Order, each Settling Defendant must submit a

compliance report, sworn under penalty of perjury:

1.      Each Settling Defendant must:  (a) identify the primary physical,

postal, and email address and telephone number, as designated points

of contact, which representatives of the Commission may use to

communicate with Settling Defendant; (b) identify all of that Settling

Defendant's businesses by all of their names, telephone numbers, and

physical, postal, email, and Internet addresses; (c) describe the

activities of each business, including the goods and services offered,

the means of advertising, marketing, and sales, and the involvement of

any other Defendant (which Settling Individual Defendant must

describe if they know or should know due to their own involvement);

(d) describe in detail whether and how that Settling Defendant is in

compliance with each Section of this Order; and (e) provide a copy of

each Order Acknowledgment obtained pursuant to this Order, unless

previously submitted to the Commission.

2.      Additionally, Settling Individual Defendant must: (a) identify all

telephone numbers and all physical, postal, email and Internet

addresses, including all residences; (b) identify all business activities,

including any business for which such Settling Individual Defendant

performs services whether as an employee or otherwise and any entity

in which such Settling Individual Defendant has any ownership

interest; and (c) describe in detail such Settling Individual Defendant's

involvement in each such business, including title, role,

responsibilities, participation, authority, control, and any ownership.

B.    For 20 years after entry of this Order, each Settling Defendant must submit a

compliance notice, sworn under penalty of perjury, within 14 days of any

change in the following:

1.    Each Settling Defendant must report any change in:  (a) any

designated point of contact; or (b) the structure of any Settling

Corporate Defendant or any entity that Settling Defendant has any

ownership interest in or controls directly or indirectly that may affect

compliance obligations arising under this Order, including: creation,

merger, sale, or dissolution of the entity or any subsidiary, parent, or

affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, Settling Individual Defendant must report any change in:

(a) name, including aliases or fictitious name, or residence address; or

(b) title or role in any business activity, including any business for

which Settling Individual Defendant performs services whether as an

employee or otherwise and any entity in which such Settling

Individual Defendant has any ownership interest, and identify the

name, physical address, and any Internet address of the business or

entity.

C.      Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin:  FTC v. Lanier Law LLC, File No. X140039.

## IX.      RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Corporate Defendants and the Settling Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      a copy of each unique advertisement or other marketing material.

## X.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant.  Settling Defendants must permit representatives of the Commission to interview any employee or other Person affiliated with any Settling Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Settling Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this <u>12th</u> day of August, 2016.**

MARCIA MORALES HOWARD
United States District Judge